74 F.3d 1245
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kenneth Edward HARTMAN, Plaintiff-Appellant,
v.
D.J. McCARTHY, et al., Defendants-Appellees.
 No. 93-16368.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 14, 1995.*
Decided Jan. 22, 1996.
 
 1
 Before: SCHROEDER and ALARCON, Circuit Judges, and PANNER,** Senior District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Pro se prisoner plaintiff Kenneth Edward Hartman appeals from a jury verdict for defendant prison officials, contending that the district court improperly allowed him to be shackled during the trial. We affirm.
 
 BACKGROUND
 
 4
 While in prison, Hartman tested positive for HIV infection, but later tested negative. Hartman claims that defendants improperly disclosed the first test results to other inmates and to non-medical staff.
 
 
 5
 At trial, Hartman moved to appear without shackles. Defendants took no position, stating that Hartman posed little risk of escape. The trial court accepted a prison guard's recommendation that Hartman be shackled to a chair at counsel table with his hands free.
 
 DISCUSSION
 
 6
 This court has not determined the proper test for the use of restraints in civil actions. Cf. Tyars v. Finner, 709 F.2d 1274, 1285 (9th Cir.1983) (civil commitment proceeding). However, even under the test for the use of restraints in criminal cases, Hartman has not shown that he was prejudiced. Jones v. Meyer, 899 F.2d 883, 884-85 (9th Cir.1990) (criminal defendant), cert. denied, 498 U.S. 832 (1990); see Woods v. Thieret, 5 F.3d 244, 247 (7th Cir.1993) (applying test to civil action).
 
 
 7
 Under the test for criminal cases, the trial court first must be persuaded by compelling circumstances that restraints are required for security. Duckett v. Godinez, 67 F.3d 734, 748 (9th Cir.1995). Second, the court must examine less restrictive alternatives. Id. The court should consider that restraints may inflict pain, interfere with the prisoner's ability to concentrate, impair communication with counsel, prejudice the jury, or detract from the decorum of the proceeding. Jones, 899 F.2d at 885.
 
 
 8
 We review the trial court's application of the test for abuse of discretion. See Woods, 5 F.3d at 247. Harmless-error analysis applies if the trial court abuses or fails to exercise its discretion. See Hameed v. Mann, 57 F.3d 217, 222 (2d Cir.1995); Duckett, 67 F.3d at 749 (harmless error analysis applies "except in extreme forms" of shackling). In determining whether imposition of restraints was harmless, the reviewing court should "weigh several factors, including the strength of the case in favor of the prevailing party and what effect the restraints might have had in light of the nature of the issues and the evidence involved in the trial." Hameed, 57 F.3d at 222.
 
 
 9
 Here, the record does not indicate a compelling need for shackles. See Duckett, 67 F.3d at 749 (shackling upheld only for prisoners with histories of disruptive courtroom behavior, escape attempts, assaults in custody, or defiant behavior toward judges and corrections officials). However, assuming that the district court abused its discretion, any error was harmless. Defendants had a strong case, Hartman's dangerousness was not an issue, and the jury knew that Hartman was an inmate. See Woods, 5 F.3d at 249.
 
 
 10
 Hartman's other arguments lack merit.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Owen M. Panner, Senior United States District Judge, for the District of Oregon, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3